**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Fatemah Almasarweh

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMAH ALMASARWEH,<br><br>Plaintiff,<br><br>v.<br><br>PERSOLVE, LLC dba ACCOUNT RESOLUTION ASSOCIATES,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>2) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. FATEMAH ALMASARWEH ("Plaintiff"), by Plaintiff's attorneys, brings this action for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions of PERSOLVE, LLC dba ACCOUNT RESOLUTION ASSOCIATES ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff, by Plaintiff's attorneys, also brings this action to challenge Defendant's reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by Cal. Civ. Code § 1785, et seq.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures

reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq.

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Bernardino, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district, including filing a collection action against Plaintiff on December 26, 2014 in the San Bernardino Superior Court.

## PARTIES

12. Plaintiff is a natural person who resides in the County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company who is incorporated in the State of Delaware and principal place of business in the State of California.

///

14. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

15. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j)

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.

20. Sometime prior to 2011, Plaintiff is alleged to have incurred financial obligations to the original creditor, Victor Valley Community Hospital ("VVCH"), that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

21. The alleged financial obligations were certain medical expenses incurred for personal, family, and household purposes.

22. Subsequently, on or about April 27, 2011, VVCH approved Plaintiff's application for its Financial Hardship Program, thereby forgiving $2,955.20 from the total debt balance of $3,215.81, with Plaintiff owing the remainder of $260.61.

23. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

24. Sometime prior to August 3, 2011, VVCH allegedly assigned, placed, or otherwise transferred the right to collect the alleged debt to High-Desert Creditors Service ("HDCS"), a third party debt collector.

25. On or about August 3, 2011, HDCS sent a collection letter to Plaintiff for the alleged debt, erroneously demanding the original full balance of $3,215.81 plus interest in the amount of $41.40 for a total $3,257.21.

26. Shortly thereafter, Plaintiff contacted and informed HDCS that VVCH had forgiven a large portion of the debt and that Plaintiff owed only $260.61. Upon receiving proof of the debt forgiveness, HDCS and Plaintiff agreed to a pay-off total of $265.53, which included the principal balance of $260.61 and interest in the amount of $4.92.

27. Accordingly, on or about August 26, 2011, Plaintiff paid HDCS $265.53.

28. Despite payment in full, the alleged debt was allegedly assigned, placed, or otherwise transferred to Defendant for collection.

29. Thereafter, Defendant initiated written and telephonic communications to Plaintiff in order to collect Plaintiff's alleged debt.

30. Upon receipt of Defendant's collection attempts, Plaintiff immediately informed Defendant that Plaintiff had previously satisfied this debt in full.

///

///

31. Regardless, approximately three years later, Defendant initiated a lawsuit on December 26, 2014 against Plaintiff entitled *Persolve, LLC, a limited liability company, dba, Account Resolution Associates v. Fatemah A. Almasarweh, an individual; and Does 1-100, inclusive,* in the Superior Court of San Bernardino, court case no.: CIVDS 1419321 (the "Collection Action").

32. The State Action sought to collect $2,955.20 from Plaintiff, the exact amount that was previously forgiven by VVCH, the original creditor, on April 27, 2011.

33. After being served with the Collection Action, Plaintiff retained the services of Plaintiff's current counsel. Thereafter, Matthew M. Loker, on behalf of Plaintiff, sought discovery regarding Plaintiff's alleged debt.

34. After obtaining several extensions, defense counsel, Edit Alexandryan, dismissed the Collection Action without prejudice in lieu of producing the requested information.

35. Since Plaintiff previously satisfied Plaintiff's obligation, the Collection Action sought to collect an invalid debt from Plaintiff.

36. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

37. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

///

///

39. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

40. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

42. Additionally, Defendant reported this false, inaccurate, and derogatory information on Plaintiff's credit report, causing damage to Plaintiff in the form of degraded credit standing and worthiness.

43. Defendant knew, or should have known, that the information being reported to Plaintiff's credit report was inaccurate for the reasons discussed herein.

44. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

45. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

46. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

47. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

48. Through this conduct, Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed. Consequently, Defendant violated 15 U.S.C. § 1692e(8).

49. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should have known was inaccurate.

50. As alleged herein, Defendant engaged in collection practices in violation of federal law. Specifically, Defendant violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(A); 1692e(5); 1692e(8); 1692e(10); 1692f; 1692f(1); and Cal. Civ. Code § 1785.25(a).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

///

///

## COUNT II

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### Cal. Civ. Code § 1785.1, et seq.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

56. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

57. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Defendant knew or should have known that Defendant was not able to collect any amount on Plaintiff's alleged debt that had previously been forgiven by the original creditor. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- an award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.25 against Defendant; and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  October 22, 2015                                      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  ___/s/ Matthew M. Loker___
         MATTHEW M. LOKER, ESQ.
         ATTORNEY FOR PLAINTIFF